OPINION JUDGMENT ENTRY
{¶ 1} On January 3, 2003, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Elizabeth Keen born August 7, 2000, alleging the child to be dependent/neglected. Mother of the child is appellant, Amanda Keen; father is Kenneth Keen, now deceased. By judgment entry filed April 2, 2003, the trial court found the child to be dependent, granted temporary custody of the child to appellee and granted appellant supervised visitation.
 {¶ 2} On December 3, 2003, appellee filed a motion for permanent custody. The child's paternal grandmother, T. Keen, and paternal aunt, Christy Keen, each sought custody of Elizabeth. Hearings were held on January 22, and February 4, 2004. By judgment entry filed April 2, 2004, the trial court granted permanent custody of the child to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The judgment of the trial court that the minor child cannot or should not be placed with appellant is against the manifest weight of the evidence."
 II {¶ 5} "The judgment of the trial court that the best interests of the minor child would be served by granting permanent custody to scdjfs is against the manifest weight of the evidence."
 I, II {¶ 6} Appellant claims the trial court's granting of permanent custody to appellee was against the manifest weight of the evidence. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279.
 {¶ 8} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 9} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 10} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 11} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 12} "(16) Any other factor the court considers relevant."
 {¶ 13} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 14} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 15} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 16} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 17} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 18} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 19} Pursuant to the case plan, appellant was to attend parenting classes, address coping skills, domestic violence and economic issues, obtain clean housing and complete a substance abuse program. T. at 17-20. Appellant received certificates of attendance regarding parenting programs, but did not successfully complete them. T. at 17-18. Appellant completed Human Development regarding coping skills, but did not complete RENEW regarding domestic violence issues. T. at 19. As for employment and clean housing, appellant has had a poor history and has not been able to provide stability. T. at 20, 23. She completed the HOPE program for substance abuse, and there are "no further concerns" regarding this issue. T. at 20. Appellee has permanent custody of another child of appellant's. T. at 16. Dionne Armstead, appellee's family service worker assigned to appellant, testified "I don't believe she successfully has completed the case plan in order to really meet the concerns that were in the beginning of the case." T. at 22.
 {¶ 20} Gerald Bello, a psychologist who evaluated appellant, testified to the following:
 {¶ 21} "Coping skills were suspect and she tended to be sort of self absorbed, the tests suggest that she would quickly move away from responsibilities that were challenging and things like that. Lacked initiative and sort of gave an everything's okay attitude. It was difficult for her based on my testing to accept responsibility." T. at 42-43.
 {¶ 22} Dr. Bello was concerned about appellant's instability, and he concluded "that it would continue." T. at 44.
 {¶ 23} Although appellant completed part of the objectives of the case plan, we find the trial court did not err in finding the child should not be placed with appellant "now or in the foreseeable future." See, Finding of Fact No. 23.
 {¶ 24} As for best interests, appellant is contesting the child's placement with appellee. She "does not feel it is in Elizabeth's best interest to be placed with either Christy or T. Keen." Appellant's Brief at 11. The child is currently placed with her half sister in a foster home. T. at 56-57. The foster family is currently interested in adopting both girls. T. at 57. Both girls are bonded to each other and to the foster parents as well. Id. The child knows appellant, but "the bond is not, it's not there." T. at 60. We find the evidence to be substantial and credible that it is in the child's best interest to be provided with a stable home environment which is available through permanent custody.
 {¶ 25} For these reasons, we find the trial court's judgment was not against the manifest weight of the evidence and sufficient evidence was submitted to support the trial court's determinations.
 {¶ 26} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.